UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

**CORRINE LEACH, M.D., PH.D.,**

                                        Plaintiff,

vs.

**UNIVERSITY AT BUFFALO PEDIATRIC
ASSOCIATES, INC.** *d/b/a* **UBMD PEDIATRICS,
KALEIDA HEALTH,
ANNE MARIE REYNOLDS, M.D.,** and
**STEPHEN LIPSHULTZ, M.D.,**

                                        Defendants.

─────────────────────────────────

|  |
|---|
| **ANSWER TO PLAINTIFF'S COMPLAINT** |
| Civil Action No.: 20-CV-001836 WMS |

Defendants UNIVERSITY AT BUFFALO PEDIATRIC ASSOCIATES, INC. *d/b/a* UBMD PEDIATRICS, ANNE MARIE REYNOLDS, M.D., and STEPHEN LIPSHULTZ, M.D., by their attorneys, Kavinoky Cook LLP (R. Scott DeLuca, Esq., of counsel), answers the Complaint of Plaintiff CORRINE LEACH, M.D., PH.D., as follows:

1.      Answering Paragraph 1 of Plaintiff's Complaint, admit that Plaintiff Corrine Leach, M.D., Ph.D. [herein "Plaintiff" or "Dr. Leach"] is a physician and that she retired from her position with Defendant University at Buffalo Pediatric Associates, Inc. [herein "UBMD Pediatrics"], but deny each and every remaining allegation contained in Paragraph 1 of Plaintiff's Complaint.

2.      Deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Answering Paragraph 3 of Plaintiff's Complaint, admit (upon information and belief) that Plaintiff resides in the Town of Orchard Park in the State of New York and that Plaintiff is a natural person, but deny each and every remaining allegation contained in Paragraph 2 of Plaintiff's Complaint.

4.      Answering Paragraph 4 of Plaintiff's Complaint, admit that Defendant UBMD Pediatrics is an entity organized and existing under the laws of the State of New York, and that Defendant UBMD Pediatrics' principal place of business is located in Buffalo, New York, but deny each and every remaining allegation contained in Paragraph 4 of Plaintiff's Complaint.

5.      Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Answering Paragraph 11 of Plaintiff's Complaint, admit that Dr. Lipshultz was Pediatric Chief of Service, but deny each and every remaining allegation contained in Paragraph 11 of Plaintiff's Complaint.

12.     Admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Admit, upon information and belief, the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Admit, upon information and belief, the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Admit, upon information and belief, the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.      Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Admit, upon information and belief, the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Answering Paragraph 22 of Plaintiff's Complaint, state that the reappointment document referenced in said allegation speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 22 of Plaintiff's Complaint.

23.      Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Answering Paragraph 25 of Plaintiff's Complaint, state that the Plan of Correction referenced in said paragraph speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 25 of Plaintiff's Complaint.

26.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Answering Paragraph 32 of Plaintiff's Complaint, state that Plaintiff's correspondence, dated August 2, 2019, speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 32 of Plaintiff's Complaint.

33.     Answering Paragraph 33 of Plaintiff's Complaint, state that Plaintiff's correspondence, dated August 2, 2019, speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 33 of Plaintiff's Complaint.

34.     Answering Paragraph 34 of Plaintiff's Complaint, state that Plaintiff's correspondence, dated August 2, 2019, speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 34 of Plaintiff's Complaint.

35.     Deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Answering Paragraph 36 of Plaintiff's Complaint, admit that Plaintiff sent e-mail correspondence to Defendant Anne Marie Reynolds, M.D. [herein "Dr. Reynolds"] on August 9, 2019 and August 13, 2019, but state that said e-mail correspondence speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 36 of Plaintiff's Complaint.

37.     Answering Paragraph 37 of Plaintiff's Complaint, admit that Plaintiff repeatedly "raised the cloning issue," but deny each and every remaining allegation contained in Paragraph 37 of Plaintiff's Complaint.

38.     Deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Answering Paragraph 42 of Plaintiff's Complaint, admit that Plaintiff participated in a meeting with Dr. Reynolds and Victoria Belniak, Esq., but deny each and every remaining allegation contained in Paragraph 42 of Plaintiff's Complaint.

43.     Answering Paragraph 43 of Plaintiff's Complaint, admit that Ms. Belniak requested examples of "the issues with the copy forward functionality" of the electronic medical record system, but deny each and every remaining allegation contained in Paragraph 43 of Plaintiff's Complaint.

44.     Deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Answering Paragraph 48 of Plaintiff's Complaint, admit that, by letter dated November 28, 2019, Plaintiff advised Defendant UBMD Pediatrics that she had "decided to change to a part time position effective February 1, 2020," but deny any knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 48 of Plaintiff's Complaint.

49.     Answering Paragraph 49 of Plaintiff's Complaint, admit that Plaintiff had been engaged in communication with Dr. Reynolds regarding Advanced Practice Professionals (APPs), but deny each and every remaining allegation contained in Paragraph 49 of Plaintiff's Complaint.

50.     Answering Paragraph 50 of Plaintiff's Complaint, admit that a written complaint regarding Plaintiff was received by Defendant UBMD Pediatrics in December 2019, that this complaint was submitted after Plaintiff's November 28, 2019 request to change to a part time position as of February 1, 2020, and that a "STAR" Report had been filed by about Plaintiff, but deny each and every remaining allegation contained in Paragraph 50 of Plaintiff's Complaint.

51.     Answering Paragraph 51 of Plaintiff's Complaint, admit that, upon information and belief, STAR is a system utilized by Defendant Kaleida Health to receive complaints about the conduct of employees in the workplace, but deny each and every remaining allegation contained in Paragraph 51 of Plaintiff's Complaint.

52.     Answering Paragraph 52 of Plaintiff's Complaint, state that the STAR report submitted on or about December 16, 2019 concerning Plaintiff speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 52 of Plaintiff's Complaint.

53.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Answering Paragraph 55 of Plaintiff's Complaint, admit that Plaintiff wrote a response to the STAR report submitted on or about December 16, 2019 concerning Plaintiff, but deny any knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 55 of Plaintiff's Complaint.

56.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Answering Paragraph 57 of Plaintiff's Complaint, admit that Plaintiff sent her response to the STAR report submitted on or about December 16, 2019 concerning Plaintiff to Dr. Reynolds and Karen Niewczyk, but deny each and every remaining allegation contained in Paragraph 57 of Plaintiff's Complaint.

58.     Answering Paragraph 58 of Plaintiff's Complaint, admit that Plaintiff spoke with Dr. Reynolds regarding the STAR report submitted on or about December 16, 2019 concerning Plaintiff, but deny any knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 58 of Plaintiff's Complaint.

59.     Answering Paragraph 59 of Plaintiff's Complaint, admit that Dr. Reynolds stated that the STAR report submitted on or about December 16, 2019 concerning Plaintiff was still under investigation, but deny each and every remaining allegation contained in Paragraph 59 of Plaintiff's Complaint.

60.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Deny the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Answering Paragraph 67 of Plaintiff's Complaint, state that Plaintiff's purported letter, dated January 24, 2020, speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 67 of Plaintiff's Complaint.

68.     Answering Paragraph 68 of Plaintiff's Complaint, state that Plaintiff's purported letter, dated January 24, 2020, speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 67 of Plaintiff's Complaint.

69.     Answering Paragraph 69 of Plaintiff's Complaint, admit that Plaintiff provided a copy of the contents of the STAR Report filed against her, along with Plaintiff's response to the STAR Report, to other physicians, but deny each and every remaining allegation contained in Paragraph 69 of Plaintiff's Complaint.

70.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Answering Paragraph 71 of Plaintiff's Complaint, admit that Dr. Reynolds was copied on e-mail correspondence issued by Plaintiff, but deny each and every remaining allegation contained in Paragraph 71 of Plaintiff's Complaint.

72.     Deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Answering Paragraph 73 of Plaintiff's Complaint,  state that Dr. Reynolds's e-mail to Plaintiff on January 24, 2020 speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 73 of Plaintiff's Complaint.

74.     Answering Paragraph 74 of Plaintiff's Complaint, state that Plaintiff's e-mail to Dr. Reynolds on January 24, 2020 speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 74 of Plaintiff's Complaint.

75.     Answering Paragraph 75 of Plaintiff's Complaint, admit that a meeting was scheduled with Plaintiff on January 27, 2020, but deny each and every remaining allegation contained in Paragraph 75 of Plaintiff's Complaint.

76.     Deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     Deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     Deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Answering Paragraph 80 of Plaintiff's Complaint, admit that Plaintiff voluntarily retired from her employment by Defendant UBMD Pediatrics on January 27, 2020, that she did not request that an attorney be present during the meeting held on January 27, 2020, and that she did not request any period of time within which to decide whether to retire from her employment by Defendant UBMD Pediatrics during the meeting held on January 27, 2020, and deny each and every remaining allegation contained in Paragraph 80 of Plaintiff's Complaint.

81.     Deny the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     Answering Paragraph 87 of Plaintiff's Complaint, admit that Dr. Reynolds and Defendant Stephen Lipshultz, M.D. [herein "Dr. Lipshultz"] represented the interests of Defendant UBMD Pediatrics during the meeting held with Plaintiff on annuary 27, 2020, but deny each and every remaining allegation contained in Paragraph 87 of Plaintiff's Complaint.

88.     Deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     Deny the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     Deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.     Deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     Deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Answering Paragraph 93 of Plaintiff's Complaint, admit that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, but  state that said Charge of Discrimination speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 93 of Plaintiff's Complaint.

94.     Deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     Deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     Answering Paragraph 97 of Plaintiff's Complaint, admit (upon information and belief) that Plaintiff was offered a position as a physician by Arnot Health, but deny each and every remaining allegation contained in Paragraph 97 of Plaintiff's Complaint.

98.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.    Answering Paragraph 101 of Plaintiff's Complaint, admit that Arnot Health sought information from Defendant UBMD Pediatrics regarding Plaintiff, state that Arnot Health's request for information to Defendant UBMD Pediatrics speaks for itself as to the matters set forth therein, and deny each and every remaining allegation contained in Paragraph 101 of Plaintiff's Complaint.

102.    Deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.    Answering Paragraph 103 of Plaintiff's Complaint, admit that Defendant UBMD Pediatrics did not respond to Arnot Health's request for information regarding Plaintiff by May 26, 2029, but deny each and every remaining allegation contained in Paragraph 103 of Plaintiff's Complaint.

104.    Deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    Deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.    Deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.    Deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.    Deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.    Deny the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.     Answering Paragraph 110 of Plaintiff's Complaint, repeat and re-allege their responses to the allegations contained in Paragraphs 1 through 109 of Plaintiff's Complaint as though fully set forth herein.

111.     Answering Paragraph 111 of Plaintiff's Complaint, states that the allegations in said paragraph are conclusions of law to which no response is required and they are, accordingly, denied.

112.     Answering Paragraph 112 of Plaintiff's Complaint, repeat and re-allege their responses to the allegations contained in Paragraphs 1 through 111 of Plaintiff's Complaint as though fully set forth herein.

113.     Answering Paragraph 113 of Plaintiff's Complaint, states that the allegations in said paragraph are conclusions of law to which no response is required and they are, accordingly, denied.

114.     Deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.     Deny the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.     Deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.     Deny the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.     Deny the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.     Deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.     Answering Paragraph 120 of Plaintiff's Complaint, state that Plaintiff's claim for relief under the Older Workers Benefit Protection Act was dismissed by the Court (*see* Docket #29, pp.13, 16) and, accordingly, the allegations contained in Paragraph 120 of Plaintiff's Complaint are denied.

121.     Deny the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.   Deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.   Deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124.   Answering Paragraph 124 of Plaintiff's Complaint, repeat and re-allege their responses to the allegations contained in Paragraphs 1 through 123 of Plaintiff's Complaint as though fully set forth herein.

125.   Deny the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.   Answering Paragraph 126 of Plaintiff's Complaint, states that the allegations in said paragraph are conclusions of law to which no response is required and they are, accordingly, denied.

127.   Deny the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.   Deny the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.   Deny the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.   Deny the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.   Deny the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.   Answering Paragraph 132 of Plaintiff's Complaint, repeat and re-allege their responses to the allegations contained in Paragraphs 1 through 131 of Plaintiff's Complaint as though fully set forth herein.

133.   Admit the allegation contained in Paragraph 133 of Plaintiff's Complaint.

134.   Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.   Deny the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.   Deny the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.   Deny the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of Plaintiff's Complaint.

139.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.    Deny the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.    Deny the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.    Deny the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.    Answering Paragraph 144 of Plaintiff's Complaint, repeat and re-allege their responses to the allegations contained in Paragraphs 1 through 143 of Plaintiff's Complaint as though fully set forth herein.

145.    Deny the allegations contained in Paragraph 145 of Plaintiff's Complaint.

146.    Deny the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.    Deny the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.    Deny the allegations contained in Paragraph 148 of Plaintiff's Complaint.

149.    Deny the allegations contained in Paragraph 149 of Plaintiff's Complaint.

150.    Answering Paragraph 150 of Plaintiff's Complaint, repeat and re-allege their responses to the allegations contained in Paragraphs 1 through 149 of Plaintiff's Complaint as though fully set forth herein.

151.    Answering Paragraph 151 of Plaintiff's Complaint, states that the allegations in said paragraph are conclusions of law to which no response is required and they are, accordingly, denied.

152.    Deny the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153.    Deny the allegations contained in Paragraph 153 of Plaintiff's Complaint.

154.    Deny the allegations contained in Paragraph 154 of Plaintiff's Complaint.

155.    Deny the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.    Deny the allegations contained in Paragraph 156 of Plaintiff's Complaint.

157.    Deny the allegations contained in Paragraph 157 of Plaintiff's Complaint.

158.    Deny the allegations contained in Paragraph 158 of Plaintiff's Complaint.

159.    Answering Paragraph 159 of Plaintiff's Complaint, repeat and re-allege their responses to the allegations contained in Paragraphs 1 through 158 of Plaintiff's Complaint as though fully set forth herein.

160.    Answering Paragraph 160 of Plaintiff's Complaint, states that the allegations in said paragraph are conclusions of law to which no response is required and they are, accordingly, denied.

161.    Deny the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.    Deny the allegations contained in Paragraph 162 of Plaintiff's Complaint.

163.    Deny the allegations contained in Paragraph 163 of Plaintiff's Complaint.

164.    Deny the allegations contained in Paragraph 164 of Plaintiff's Complaint.

165.    Deny the allegations contained in Paragraph 165 of Plaintiff's Complaint.

166.    Deny the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167.    Deny the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168.    Answering Paragraph 168 of Plaintiff's Complaint, repeat and re-allege their responses to the allegations contained in Paragraphs 1 through 167 of Plaintiff's Complaint as though fully set forth herein.

169.    Answering Paragraph 169 of Plaintiff's Complaint, states that the allegations in said paragraph are conclusions of law to which no response is required and they are, accordingly, denied.

170.    Answering Paragraph 170 of Plaintiff's Complaint, states that the allegations in said paragraph are conclusions of law to which no response is required and they are, accordingly, denied.

171.    Answering Paragraph 171 of Plaintiff's Complaint, states that the allegations in said paragraph are conclusions of law to which no response is required and they are, accordingly, denied.

172.    Answering Paragraph 172 of Plaintiff's Complaint, states that the allegations in said paragraph are conclusions of law to which no response is required and they are, accordingly, denied.

173.    Deny the allegations contained in Paragraph 173 of Plaintiff's Complaint.

174.    Deny the allegations contained in Paragraph 174 of Plaintiff's Complaint.

175.    Deny the allegations contained in Paragraph 175 of Plaintiff's Complaint.

176.    Deny the allegations contained in Paragraph 176 of Plaintiff's Complaint.

177.    Deny the allegations contained in Paragraph 177 of Plaintiff's Complaint.

178.    Deny the allegations contained in Paragraph 178 of Plaintiff's Complaint.

179.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of Plaintiff's Complaint.

180.    Deny the allegations contained in Paragraph 180 of Plaintiff's Complaint.

181.    Deny the allegations contained in Paragraph 181 of Plaintiff's Complaint.

182.    Deny the allegations contained in Paragraph 182 of Plaintiff's Complaint.

183.    Deny the allegations contained in Paragraph 183 of Plaintiff's Complaint.

184.    Deny the allegations contained in Paragraph 184 of Plaintiff's Complaint.

185.    Deny the allegations contained in Paragraph 185 of Plaintiff's Complaint.

186.    Deny the allegations contained in Paragraph 186 of Plaintiff's Complaint.

187.    Deny the allegations contained in Paragraph 187 of Plaintiff's Complaint.

188.    Deny the allegations contained in Paragraph 188 of Plaintiff's Complaint.

189.    Deny the allegations contained in Paragraph 189 of Plaintiff's Complaint.

190.    Deny the allegations contained in Paragraph 190 of Plaintiff's Complaint.

191.    Deny the allegations contained in Paragraph 191 of Plaintiff's Complaint.

192.    Deny the allegations contained in Paragraph 192 of Plaintiff's Complaint.

### ADDITIONAL RESPONSES TO PLAINTIFF'S COMPLAINT

193.    Defendants University at Buffalo Pediatric Associates, Inc. *d/b/a* UBMD
Pediatrics, Dr. Reynolds, and Dr. Lipshultz [herein "the UBMD Defendants"] deny each and every
allegation set forth in Plaintiff's Complaint not specifically admitted or otherwise controverted
herein.

194.    The UBMD Defendants deny that Plaintiff is entitled to any of the relief sought in
her Complaint and, in particular, deny that Plaintiff is entitled to the relief requested in the
"Wherefore" clause of Plaintiff's Complaint.

### JURY TRIAL DEMAND

195.    The UBMD Defendants hereby demand a jury trial of all questions of fact raised
by their Answer (including any and all affirmative defenses).

**AFFIRMATIVE DEFENSES ON BEHALF OF THE UBMD DEFENDANTS**

1.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint fails to state a claim or claims upon which relief may be granted.

2.      This Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3.      The actions of the UBMD Defendants were, at all times, based and done pursuant to legitimate, non-discriminatory reasons, in a proper exercise of management discretion and judgment, and without regard to Plaintiff's age, gender/sex, or any other protected characteristic.

4.      The actions of the UBMD Defendants were, at all times, based and done pursuant to legitimate, non-retaliatory reasons, in a proper exercise of management discretion and judgment, and without regard to Plaintiff's allegedly protected activity.

5.      The actions of the UBMD Defendants were, at all times, predicated upon grounds other than Plaintiff's purported exercise of any rights protected by New York Labor Law §740 or §741.

6.      Plaintiff's claims and requested damages are barred, in whole or in part, because the UBMD Defendants acted lawfully, in good faith, without any intent to deny Plaintiff any rights protected by federal or state law, and because the UBMD Defendants had reasonable grounds for believing that their actions did not violate any federal or state law.

7.      Plaintiff's claims fail, in whole or in part, because any adverse employment action taken by the UBMD Defendants were the result of Plaintiff's own misconduct and culpable conduct.

8.      The UBMD Defendants exercised reasonable care to prevent and correct unlawful discrimination, harassment, and retaliation in the workplace by promulgating policies and

procedures against discrimination, harassment, and retaliation, and providing a user-friendly avenue through which employees could complain to Defendant UBMD Pediatrics.  Plaintiff unreasonably failed to avail herself of such mechanisms.  Accordingly, The UBMD Defendants cannot be held liable for any employment discrimination, harassment or retaliation Plaintiff may be claiming in this litigation.

9.     Plaintiff's claims are barred, in whole or in part, because of the doctrines of laches, waiver and/or estoppel.

10.     Some or all of the claims set forth in Plaintiff's Complaint are barred because the applicable administrative procedures, conditions precedent and statutory prerequisites were not properly effectuated, complied with or exhausted prior to the commencement of this action.

11.     To the extent that some or all of the alleged claims of discrimination or retaliation pursuant to Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act occurred more than 300 days before the filing of any administrative complaint, Plaintiff has failed to comply with the applicable statute of limitations and/or administrative prerequisites and conditions precedent and, therefore, said claims must be dismissed.

12.     To the extent that some or all of the alleged claims of discrimination or retaliation pursuant to Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act exceed the scope of the Charge of Discrimination that Plaintiff filed with the Equal Employment Opportunity Commission, Plaintiff has failed to comply with the applicable statute of limitations and/or administrative prerequisites and conditions precedent and, therefore, said claims must be dismissed.

13.     To the extent that some or all of the alleged claims of discrimination occurred more than three (3) years before the filing of the Complaint, Plaintiff has failed to comply with the

applicable statute of limitations and, therefore, said claims under the New York State Human Rights Law must be dismissed.

14.     Plaintiff's injuries and damages, if any, were not caused by the UBMD Defendants, but by Plaintiff's own actions or failures to act.

15.     Plaintiff has not suffered any harm or injury entitling her to any relief in this action.

16.     The actions of the UBMD Defendants were not extreme or outrageous, nor were they intentional or reckless, so as to cause Plaintiff to suffer emotional distress; therefore, all such claims for said relief should be dismissed.

17.     Plaintiff is not entitled to the type or amount of relief requested against the UBMD Defendants including, but not limited to, actual damages, compensatory damages and/or punitive damages and, therefore, all such claims for said relief should be dismissed.

18.     To the extent that Plaintiff seeks compensatory and punitive damages, such damages claims are barred and must be dismissed because the UBMD Defendants did not engage in discriminatory or retaliatory conduct necessary for an award of such damages.

19.     To the extent that Plaintiff is entitled to an award of damages and to the extent the claim for said damages exceeds the limitation established by 42 U.S.C. §1981a, said claim is barred.

20.     Plaintiff's claim for lost wages and lost benefits is barred, in whole or in part, because Plaintiff has (upon information and belief) failed to reasonably mitigate her damages by failing to seek or obtain new employment since Plaintiff voluntarily resigned her employment by Defendant UBMD Pediatrics.  Moreover, to the extent that Plaintiff received income and benefits from any other source or sources subsequent to her voluntary resignation from employment by

Defendant UBMD Pediatrics, such income and benefits must be offset from any lost wages and lost benefits claimed by Plaintiff.

21.     Plaintiff's claims for damages are barred to the extent she seeks any measure of recovery in excess of those damages allowed by the law pursuant to which his action is brought.

22.     To the extent that Plaintiff's Complaint seeks punitive damages, the UBMD Defendants and their employees acted without malice or reckless indifference, and thus, an award of punitive damages is not appropriate.

23.     To the extent that Plaintiff's Complaint seeks punitive damages, such relief is not available under the New York State Human Rights Law for the claims asserted by Plaintiff.

24.     To the extent the Complaint asserts a claim for punitive damages, such a claim fails because the Complaint fails to allege that the UBMD Defendants engaged in any sufficiently egregious and/or outrageous conduct or omissions sufficient to warrant the imposition of punitive damages.

25.     To the extent that Plaintiff's Complaint seeks punitive damages, such a claim, if sustained, would violate the UBMD Defendants' rights under the due process clause of the United States Constitution and any applicable state Constitution.

26.     The UBMD Defendants are entitled to an award of its reasonable attorneys' fees and court costs and disbursements because Plaintiff has asserted a claim without any basis in law or in fact. *See* N.Y. Lab. L. §740(6).

27.     Because the UBMD Defendants have not yet availed themselves of their right to discovery, the UBMD Defendants may not fully know the circumstances of the alleged incidents described in Plaintiff's Complaint. The UBMD Defendants hereby notify Plaintiff that until they

have had the opportunity to avail themselves of their right to discovery, the UBMD Defendants cannot determine whether or not each of the affirmative defenses asserted herein will, in fact, be asserted at trial.  Such defenses, however, are raised in Defendants' Answer in order to preserve the right of the UBMD Defendants to assert such defenses and thereby, avoid waiver of any such defenses.  The UBMD Defendants intend to rely on such other affirmative defenses that may become available or apparent during the course of discovery in this case and expressly reserves the right to amend this Answer to assert any and all such affirmative defenses.

**WHEREFORE**, Defendants **UNIVERSITY AT BUFFALO PEDIATRIC ASSOCIATES, INC. *d/b/a* UBMD PEDIATRICS, ANNE MARIE REYNOLDS, M.D., and STEPHEN LIPSHULTZ, M.D.**, demand judgment dismissing the Complaint in its entirety and with prejudice, demands an award of its costs, disbursements, and reasonable attorneys' fees necessitated by this action, and demands such other and further relief as this Court deems just and proper.

Dated:    Buffalo, New York
          May 14, 2021

                                        KAVINOKY COOK LLP


                                        _____/s/ R. Scott DeLuca_____
                                        R. Scott DeLuca, Esq.
                                        *Attorneys for Defendants*
                                        UNIVERSITY AT BUFFALO
                                        PEDIATRIC ASSOCIATES, INC.,
                                        ANNE MARIE REYNOLDS, M.D., *and*
                                        STEPHEN LIPSHULTZ, M.D.
                                        726 Exchange Street, Suite 800
                                        Buffalo, New York 14210
                                        Telephone: (716) 845-6000
                                        E-Mail: rsdeluca@kavinokycook.com

TO: **THE COPPOLA FIRM**
Lisa A. Coppola, Esq.
Jennifer R. Scharf, Esq.
***Attorneys for Plaintiff***
**CORRINE LEACH, M.D., PH.D.**
3960 Harlem Road
Buffalo, New York 14226
Telephone:  716-869-9700
E-Mail: lcappola@coppola-firm.com; jscharf@coppola-firm.com


**HARTER SECREST & EMERY LLP**
Amy L. Hemenway, Esq.
***Attorneys for Defendant***
**KALEIDA HEALTH**
Fifty Fountain Plaza, Suite 1000
Buffalo, New York 14202
Telephone: (716) 844-3737
E-Mail:  ahemenway@hselaw.com

0010674/0036633/585388.1