

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORINNE LEACH, M.D., PH.D, <br><br>    PLAINTIFF,<br><br>    V.<br><br>UNIVERSITY AT BUFFALO PEDIATRIC ASSOCIATES, INC. D/B/A UBMD PEDIATRICS, KALEIDA HEALTH, ANNE MARIE REYNOLDS, M.D., AND STEPHEN LIPSHULTZ, M.D.,<br><br>    DEFENDANTS. | STIPULATED PROTECTIVE ORDER<br><br>CIVIL ACTION NO:<br>20-CV-01836 (WMS/MJR) |

    **IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for the parties to the above-captioned matter, that this Stipulated Protective Order be entered pursuant to Fed.R.Civ.P. 26(c) and apply to the information and documents to be exchanged in the course of discovery in this action:

    1.  This Stipulated Protective Order shall apply to the following, collectively referred to as "Discovery Material":

    a) all documents and information produced in this action by or to any party or nonparty pursuant to subpoena, interrogatories, depositions, requests for production of documents, requests for admission, or any other discovery request or device; and

    b) all documents or information provided or referred to in any correspondence, pleading, or other papers by or to any party or nonparty.

    2.  The Parties agree Discovery Material may contain business-related and other information the Parties consider to be commercially or personally sensitive, proprietary, confidential, and/or that they otherwise consider to be confidential and do not wish the Parties to use for any purpose other than this litigation (e.g., business, marketing, or competitive purposes).

1

Such commercially or personally sensitive, proprietary, and/or otherwise confidential documents and information may include without limitation: trade secrets, proprietary business information, confidential research, commercial information, patient or provider information, compensation and benefits information, payment and/or reimbursement formulas, financial statements or other financial information, or any other confidential or personal information entitled to protection under any law, regulation, or rule, and all copies, excerpts or summaries of the foregoing.

3. The Parties also stipulate and agree that documents and information requested by the Parties and/or sought from third parties during discovery may contain patient health information protected from disclosure by HIPAA and other law, rule, and regulation. The Parties stipulate and agree they will not provide any such documents or information without appropriate safeguards (e.g., redaction of identifying information or consent of the patient) to protect the private and confidential nature of such information.

4. As a condition of disclosure of Discovery Material, the Parties and their respective attorneys stipulate and agree they shall use Discovery Material they receive solely for the prosecution and/or defense of this litigation, and for no other or different purpose whatsoever, including without limitation any personal, business-related, marketing-related or other purpose. This limitation on the use of Discovery Material applies to the substance and content thereof, including any notes, memoranda, or other similar documents relating thereto, and/or any summaries thereof.

5. Except as otherwise agreed to by the Parties, provided for herein, or as might be directed by the Court, the Parties shall disclose or make available Discovery Material only to: (a) the Court and its officers, court reporters, interpreters, and other Court personnel serving similar functions in the conduct of this action; (b) counsel of record, including members of their

staff, who are involved in the prosecution or defense of this lawsuit; (c) employees of the Parties, including in-house counsel and members of their staffs, who are involved in the prosecution or defense of this lawsuit, (d) outside counsel specifically retained by the receiving party for advice concerning this action, including paralegals, support staff, and employees of such counsel; (e) an independent expert or independent consultant retained by a party or counsel of record to a party in connection with the prosecution and/or defense of this action and support personnel employed by such expert; (f) outside vendors retained by a party or counsel of record to a party, including without limitation document copying services, document coding services, or computerization services; or (g) any person being examined as a witness during a deposition, at an evidentiary hearing, or trial.

6. Nothing herein precludes a party from choosing to designate Discovery Material as "CONFIDENTIAL - ATTORNEYS ONLY" following a good faith determination that the information so designated needs further protection, including but not limited to protection from public disclosure via court filings. Information so designated by either party and marked as specified below will thereafter be subject to the provisions of this Stipulated Protective Order unless otherwise ordered by the Court. Counsel for the parties shall, from time to time or on request from opposing counsel, review current classifications and consider declassifying classifications in order to reflect the current reasonableness of such classifications.

7. To designate documents, objects, or tangible things, a party shall place the legend "CONFIDENTIAL - ATTORNEYS ONLY" on each page of the document, or securely affix the legend to the object or tangible thing. To designate written responses to interrogatories or admissions, a party shall place the legend "CONFIDENTIAL - ATTORNEYS ONLY" on the face of the relevant portions of the responses. Such designation may also be applied by the

Parties to Discovery Material obtained from a third party and to all or a portion of a deposition transcript by making the designation on the record during the deposition or by sending, within thirty (30) days after receiving a copy of the deposition transcript, a written notice to all counsel, setting forth the page and line numbers of the portions of the transcript to be so designated.

8. Nothing in this Stipulated Protective Order shall prohibit a producing party from designating, in accordance with this Stipulated Protective Order and in good faith, any Discovery Material as "CONFIDENTIAL - ATTORNEYS ONLY" subsequent to its first disclosure or production. Such designation may be made by sending written notice to the other parties identifying such material by bates number and/or by re-producing the material with the appropriate designation. After receipt of such notification, the party/parties to whom disclosure has been made will treat the information as if designated "CONFIDENTIAL - ATTORNEYS ONLY" subject to the requirements of this Stipulated Protective Order.

9. Any party may object to a designation of Discovery Material as "CONFIDENTIAL - ATTORNEYS ONLY" by serving a written notice of objection on all Parties and any designating third party, which notice identifies with reasonable particularity the specific material to which objection to the "CONFIDENTIAL - ATTORNEYS ONLY" designation is made and explaining the basis for the objection. The parties will then try, in good faith, to resolve such dispute on an informal basis. If the designating party or designating third party does not agree to withdraw its designation of the specified material, the objecting party may thereafter request a conference with the Court and/or file a motion for determination by the Court concerning the validity of its objection. If a motion is filed, all disputed Discovery Material shall continue be treated as "CONFIDENTIAL - ATTORNEYS ONLY" until such time as the Court determines or the parties agree otherwise. No party shall be obligated to challenge

the propriety of the "CONFIDENTIAL - ATTORNEYS ONLY" designation at the time of production, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

10. Any Discovery Materials designated as "CONFIDENTIAL - ATTORNEYS ONLY" by a producing party may be shown, and their contents disclosed, by the receiving party only to the individuals listed in Sections 5(a), 5(b), 5(d), 5(e), and 5(f) above, subject to the requirements and limitations therein. During the course of preparation for a deposition, a deponent/witness of a producing party may be shown Discovery Material from the producing party's own discovery production, but may be shown Discovery Material designated "CONFIDENTIAL – ATTORNEYS ONLY" from the other party's discovery production only as permitted by this Stipulated Protective Order. Under no circumstance may Discovery Material designated as "CONFIDENTIAL - ATTORNEYS ONLY" be disclosed to any person or entity other than those identified above, except with the prior written consent of the disclosing party. However, any person indicated on the face of the document or thing as its originator, author or a recipient of a copy thereof may be shown the same.

11. The disclosing party shall have the right to exclude from attendance at a deposition any person other than the deponent, trial counsel (including their staff and associates), the Court reporter, and the person(s) agreed upon pursuant to Section 10 above, during such time as Discovery Material designated "CONFIDENTIAL - ATTORNEYS ONLY" is to be disclosed by the disclosing party.

12. The Parties shall exercise appropriate care with regard to the storage, custody, or use of Discovery Material in order to ensure compliance with this Stipulated Protective Order. If Discovery Material is disclosed to anyone other than in a manner authorized by this Stipulated

Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts related to such disclosure to the attention of the other Parties and make every reasonable effort to retrieve such information and to prevent further disclosure.

13. Discovery Material may be used in connection with any motion, deposition, hearing, or other proceeding in this action without redaction, filing them under seal or submitting them to the Court in camera, except that when a party, in good faith, intends to bring "CONFIDENTIAL - ATTORNEYS ONLY" designated Discovery Material to the Court's attention in a motion, pleading, hearing, or proceeding, then it shall do so only after meeting and conferring with the Disclosing Party to determine if the "CONFIDENTIAL - ATTORNEYS ONLY" Discovery Material can be redacted or otherwise altered to allow for filing without the need to file under seal. If the Parties cannot reach an agreement, or the party seeking to use the "CONFIDENTIAL - ATTORNEYS ONLY" Discovery Material continues to believe the portion that must be redacted is material to the reason for its use, then it must file a redacted version of the Discovery Material with its motion papers and submit an unredacted version of the at-issue Discovery Material to the Court for the Court determine if it should be filed under seal. Where possible, only those portions of filings with the Court that may reasonably be classified as "CONFIDENTIAL - ATTORNEYS ONLY" information shall be filed under seal.

14. If any party is served with a subpoena or other process or discovery request, or is required to fulfill a disclosure obligation that would require the production or disclosure, for some purpose other than this action, of any Discovery Material received from another party, the receiving party shall (i) object to the production of Discovery Material to the extent permitted by law, noting the existence of this Stipulated Protective Order; (ii) within five (5) days after receipt, or the earliest practical date thereafter, notify the other Parties via email, hand delivery or

facsimile of the subpoena, process or discovery request, or disclosure obligation together with a copy thereof; (iii) cooperate to the extent necessary to permit the other Parties to oppose and/or move to quash the subpoena, process, discovery request or disclosure obligation; (iv) not object to the other Parties' opposition to and/or motion to quash the subpoena, process, discovery request or disclosure obligation; and/or (v) not make production or disclosure of Discovery Material until the other Parties consent in writing to production or a Court, government agency, or administrative body of competent jurisdiction compels such production or disclosure. Nothing herein shall be construed as requiring a party or other person covered by this Stipulated Protective Order to challenge or appeal any order requiring the production of Discovery Material covered by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek relief from a court of law.

15. Notwithstanding this Stipulated Protective Order, Discovery Material shall not include any documents and/or information that (a) becomes known to a party without breach of this Stipulated Protective Order, without breach of similar stipulations in any other related lawsuits or proceedings, and/or without breach of a confidentiality obligation of the person from whom a party received the information, (b) is public knowledge or becomes public knowledge through no wrongful or unauthorized act or omission of a party or any other person, (c) is received from a third party other than through discovery in this lawsuit who is not subject to a restriction on disclosure, (d) is designated as other than Discovery Material by the disclosing party or their counsel, (e) was lawfully possessed by the receiving party without a duty of confidentiality to the producing party, and/or (f) is independently developed by the recipient. Notwithstanding the above, Discovery Material filed with the Court in this action continues to be subject to the terms of this Stipulated Protective Order, including but not limited to Section 4

above. Additionally, nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by a party of its own documents or information.

16. This action will be deemed to have terminated when all of the claims asserted by or against the Parties herein have been settled and compromised, or have been finally disposed of by judicial action, and all possible appeals have been exhausted or the time for filing any further appeals has passed. Within thirty (30) days after the termination of this action, each party shall either return any and all Discovery Materials to the party that produced said information, or shall destroy the Discovery Materials, except to the extent necessary to comply with legal or ethical obligations. Counsel for each party may retain copies of all pleadings, motions and other documents filed with the Court.

17. This Stipulated Protective Order may be modified by the Court at any time for good cause shown, or pursuant to a written agreement by the Parties. The entry of this Stipulated Protective Order shall be without prejudice to the rights of any party to apply for a modification of this Stipulated Protective Order for additional or different protection where such protection is deemed necessary, from seeking appropriate relief during discovery via motions to compel and/or protective orders, and/or from supporting or opposing motions for protective orders that might be made by third parties from whom discovery is sought.

18. Nothing herein is intended to supersede or alter any confidentiality obligations already imposed on the parties by contract or federal, state or common law. Nothing herein is intended to preclude or waive any objections either party may have concerning the discoverability or admissibility of any document, object or tangible thing.

19. A party's disclosure of Discovery Material, designation or lack of designation pursuant to this Stipulated Protective Order, or the lack of an objection to any such designation,

is for discovery purposes only and does not constitute evidence and/or an admission by either party that any particular Discovery Material does or does not contain or reflect proprietary material, confidential information, trade secrets, or copyrightable materials.

20. Nothing in this Stipulated Protective Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Discovery Material, provided that the contents of such Discovery Material must not be disclosed to any party or person not authorized to receive such information pursuant to the terms of this Stipulated Protective Order.

21. The parties agree to submit this Stipulated Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. The provisions of this Stipulated Protective Order shall remain in full force and effect, and shall be binding after the termination of this action. The Court hereby specifically retains jurisdiction to enforce this Stipulated Protective Order after this action has been terminated.

DATED:   April 25, 2022

Lisa A. Coppola, Esq.
Jennifer R. Scharf, Esq.
The Coppola Firm
*Attorneys for Plaintiff*
4033 Maple Road, Suite 100
Buffalo, New York 14226

DATED: May 13, 2022

*Chloe J. Macdonald*

Amy L. Hemenway, Esq.
Chloe J. Macdonald, Esq.
Harter Secrest & Emery LLP
*Attorneys for Defendant Kaleida Health*
Fifty Fountain Plaza, Suite 1000
Buffalo, New York 14202

DATED: April 2̶6̶, 2022

Richard A. Braden, Esq.
Goldberg Segalla LLP
*Attorneys for Defendants University at Buffalo Pediatric Associates, Inc. d/b/a UBMD Pediatrics, Anne Marie Reynolds, M.D., and Steven Lipshultz, M.D.*
665 Main Street
Buffalo, New York 14203

Dated: May 16, 2022
Buffalo, New York

So Ordered:

*Michael J. Roemer*

Michael J. Roemer
United States Magistrate Judge